IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANDRA ROBERTS,<br>      Plaintiff,<br><br>v.<br><br>CREDIT COLLECTION SERVICES,<br>      Defendant. | )<br>)<br>)<br>)<br>)       JURY TRIAL DEMANDED<br>)<br>) |

## COMPLAINT

1. Plaintiff, Andra Roberts ("plaintiff"), brings this action to secure redress for unlawful debt collection practice engaged in by defendant Credit Collection Services in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

**JURISDICTION**

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), and 15 U.S.C. §1692k (FDCPA).

3. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

**PARTIES**

4. Plaintiff is an individual who resides in St. Francois County, Missouri.

5. Credit Collection Services ("CCS") is a debt collection agency located in Newton, Massachusetts.

**FACTS**

6. CCS called plaintiff numerous times in the year preceding the filing of this complaint in an attempt to collect a debt.

1

7. Upon information and belief, the telephone calls to plaintiff from CCS were made using an automated dialer, such that plaintiff's phone number was dialed without human intervention. That is to say that no human being dialed the digits; a machine did.

8. Furthermore, the voice mail messages were prerecorded.

9. Any debt CCS was attempting to collect would have been incurred for personal, family or household purposes.

10. The messages left by CCS on plaintiff's voice mail did not identify the caller as Credit Collection Services.

11. The messages left by CCS for plaintiff did not state that CCS was a debt collection agency.

12. The messages left by CCS referred plaintiff to the website www.warningnotice.com. There is no notice as required by 15 U.S.C. §1692e(11) on the website, either.

**COUNT I - FDCPA**

13. Plaintiff incorporates all previous paragraphs.

14. 15 U.S.C. §1692d(6) requires that a debt collector making a telephone call provide meaningful disclosure of the caller's identity:

> **A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **\*\*\*\***
> **(6) Except as provided in section [1692b] of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.**

15. Further, 15 U.S.C. §1692e prohibits false, deceptive or misleading statements, and 1692e(11) requires that a debt collector disclose that he is, indeed a debt collector:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> \*\*\*\*
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.**

16. CCS' voice messages were "communications" for purposes of debt collection within the meaning of the FDCPA, and defendant was required to make the disclosures required by 15 U.S.C. §§ 1692d(6) and 1692e(11). *Edwards v. Niagara Credit Solutions, Inc.*, 584 F.3d 1350 (11th Cir. 2009), *Ramirez v. Apex Fin. Mgt., LLC*, 567 F. Supp. 2d 1035 (N.D. Ill. 2008); *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.*, 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Leyse v. Corporate Collection Servs.*, 03 Civ. 8491 (DAB), 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept. 18, 2006); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

17. CCS' voice messages for Plaintiff did not make a meaningful disclosure of the caller's identity.

3

18.     The voice messages and website failed to disclose that the communications were from a debt collector.

WHEREFORE, plaintiff requests this Honorable Court to enter judgment in favor of plaintiff and against defendant for:

    (1)     Statutory damages;

    (2)     Attorney's fees, litigation expenses and costs of suit; and

    (3)     Such other relief as the Court deems proper.

Respectfully submitted,

Jovanna R. Longo

Jovanna R. Longo EDMO #5230089
Longo Law Firm, LLC
3394 McKelvey Rd, Suite 107
Bridgeton, MO 63044
Tel: 314-827-4313
Fax: 314-219-8566
Jovanna@LongoLawFirm.com

Of counsel:
Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

4

**JURY DEMAND**

Plaintiff demands trial by jury.

Respectfully submitted,

<u>Jovanna R. Longo</u>

**Document Preservation**

Defendant is hereby directed to take affirmative steps to preserve all records and data concerning plaintiff, its phone message system and relating to any other facts alleged herein.